# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERICA HECKLER, on behalf of herself and all other plaintiffs known or unknown, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 06 C 5517 |
| vs. | )<br>)<br>) |
| DK FUNDING, LLC, KATHY JANNINCK, CATHY SLOYAN, JOSH HEINRICH and BRAD BUSH, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Erica Heckler, a former mortgage closer at DK Funding, LLC, has sued DK Funding and several of its managers under the Fair Labor Standards Act (FLSA) and analogous state law seeking unpaid overtime wages and other relief. She has moved pursuant to 29 U.S.C. § 216(b) to pursue her FLSA claim on behalf of other similarly situated employees, and to facilitate this, she seeks to send notice to those persons of the pendency of her case and their right to join the case as plaintiffs. Specifically, Heckler proposes to send notice to all current and former hourly employees who worked for DK Funding within the last three years and who had their time entries reduced "relative to overtime work, work performed during unpaid meal breaks, or work performed at home after hours . . . ." Pl. Mem., Ex. A. For the following reasons, the Court grants Heckler's motion in part and denies it in part.

1.  **Background**

Heckler was a closer at DK Funding, a mortgage lender. Closers at DK Funding are hourly employees who are, under the FLSA and state law, entitled to one and one-half times their hourly pay for each hour worked above forty hours per week. Heckler contends that she and other similarly situated DK Funding hourly employees performed work during meal breaks that defendants did not recognize as time spent working. She also alleges that she and other hourly workers were required to perform work duties at home on weekends for which they were not compensated. She alleges that in some instances, if this work had been properly credited, she and other hourly employees would have been entitled to overtime pay at one and one-half their regular hourly rate. Heckler also alleges that defendants reduced the overtime pay owed to hourly employees by manually editing employee time records to reduce or remove overtime entries if they deemed work "unapproved," even if the employee had already performed the work. Pl. Mem. at 4.

2.  **Analysis**

FLSA plaintiffs may bring a collective action on behalf of themselves "and other employees similarly situated." 29 U.S.C. § 216(b). Collective FLSA actions proceed under a two-step process. First, the plaintiff is required to show that there are similarly situated employees who are potential claimants. *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1089 (7th Cir. 1995). If the plaintiff meets this burden, the court may allow what is sometimes termed pretrial conditional certification, which allows notice of the case to be sent to the similarly situated employees, who have the opportunity to opt in as plaintiffs. The case then proceeds as a collective action through further discovery. *Mooney v. Aramco Servs., Co.*, 54 F.3d 1207, 1213-

14 (5th Cir. 1995).[1] After further discovery, the Court, if called upon to do so (typically by the defendants), may reevaluate the conditional certification based on any additional evidence to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis. *Id.* at 1214. If the Court determines that such similarities do not exist, it may revoke the conditional certification.

Defendants have raised numerous objections to plaintiff's motion. First, they argue that the case should not be conditionally certified as a collective action because plaintiff has not produced evidence that any other employee actually wants to opt into the case. Second, they argue that a collective action is inappropriate for claims involving "off-the-clock" work, *i.e.*, claims that workers did not have their time recorded. Third, they argue that if the Court grants conditional certification, notice should be sent only to other mortgage closers at DK Funding, not all hourly employees. Finally, they ask that plaintiff's proposed notice be amended to reflect that DK Funding has only one location and to address several other alleged problems.

Defendants' argument that Heckler must produce evidence that other employees wish to join the class before the class notice may be sent puts the cart before the horse. Though a limited number of courts appear to have adopted this procedure, *see, e.g.*, *Dybach v. State of Fla. Dep't of Corrections*, 842 F.2d 1562 (11th Cir. 1991); *Lance v. The Scotts Co.*, No. 04 C 5270, 2005 WL 1785315 (N.D. Ill. July 21, 2005), there is no controlling precedent in this circuit. Defendants' proposed rule does not make sense. It would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other

---

[1] *Mooney* was an action under the Age Discrimination in Employment Act, under which collective actions follow the procedure set forth in the FLSA. *See* 29 U.S.C. § 626(b).

3

plaintiffs. This would undermine a court's ability to provide potential plaintiffs with a fair and accurate notice and would leave significant opportunity for misleading potential plaintiffs. That aside, the logic behind defendants' proposed procedure – requiring Heckler to show that others want to join in order to send them notice asking if they want to join – escapes the Court. Requiring a plaintiff to make an advance showing that others want to join would undermine the "broad remedial goal" of the FLSA. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (ADEA case; discussing the FLSA).

Heckler has offered evidence that other workers were similarly situated to her with respect to the unpaid overtime issue. Among other things, Heckler alleges that DK Funding edited time entries for hourly employees to reduce the amount of overtime compensation to which they were entitled. A DK Funding manager, Cathy Sloyan, testified in her deposition that she manually edited employee time sheets and would remove overtime entries that had not been pre-approved. Sloyan Dep. at 15. Sloyan also testified that she did not have personal knowledge of whether an employee performed work for hours that were being cut, but simply confirmed with Kathleen Janninck, another manager, that the work was unapproved. *Id.* at 12-13. Janninck also testified that employees are not paid for overtime hours that are not pre-approved. Janninck Dep. at 67. This evidence is sufficient to allow Heckler to meet her modest burden of showing that there exist other similarly situated workers. The Court will not hesitate to reexamine its ruling if, after further discovery, the opposite proves to be true.

Defendants next argue that "off-the-clock" claims require significant individual considerations rendering them inappropriate for conditional certification. Again, there is no controlling precedent in this circuit. Denial of conditional certification might make sense in a

case in which the plaintiff's allegations involve exclusively, or (perhaps) predominantly individual issues. In this case, however, Heckler has presented sufficient evidence to indicate, at least preliminarily, that DK Funding had a practice of editing employee time sheets to remove overtime work. The Court cannot say at this stage that allowing other employees to opt in would cause individual issues to predominate in a way that would render a collective action inappropriate. The mere potential that such a situation may develop is not, at this stage, a bar to conditional certification.

Defendants also contend that if the Court grants conditional certification, the class should include only other mortgage closers and not all hourly employees. The Court disagrees, at least for present purposes. Although Heckler's personal allegations relate only to her job as a closer, the testimony of Sloyan and Janninck regarding editing of employee time sheets does not appear to concern only closers. If no non-closer hourly employees opt into the class, or if the evidence developed during discovery reflects that the practices of which Heckler complains concern only closers, the Court will be able to modify the scope of the collective action prior to trial. At this point, however, Heckler has satisfied her modest burden of showing that she may be similarly situated to non-closers because of an alleged company-wide practice of editing time sheets and not paying employees for all hours worked. On the other hand, Heckler has not rebutted the evidence offered by defendants reflecting that DK Funding has only one location, not two as Heckler contends in her motion. The notice of the pendency of the case will, therefore, be sent only to present and former hourly employees at DK Funding's Bolingbrook, Illinois office.

Finally, defendants argue that the notice proposed by Heckler must be amended in various respects. The Court agrees that the notice must specify that the Court has *conditionally* approved

the collective action, and that employees whose time entries were edited may join only if they dispute the editing.

The Court also agrees that the proposed notice should be amended to correct the statement that "in most circumstances employees are entitled to double their unpaid back wages." Pl. Ex. A. This overstates a plaintiff's entitlement to doubling, which is not available if the employer acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA. *See Bankson v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). Such damages are not necessarily available in "most" cases as plaintiff contends.

The Court also agrees, to some extent, with defendants' objections to the first sentence of the "protection against retaliation or firing" section of the proposed notice, which in its current form might be read to suggest that retaliation is likely. The Court will edit the proposed notice in this regard and will also attempt to make it somewhat less opaque.

Finally, the Court notes that the proposed notice refers only to the claim involving editing of time sheets, and not other claims that Heckler has made that appear to be distinct from the editing issue. The Court will correct this in editing the proposed notice.

**Conclusion**

For the reasons stated above, the Court grants Heckler's motion to facilitate class notice in part and denies it in part [docket no. 28]. The Court directs Heckler's counsel to provide an electronic version of Heckler's proposed notice, in Word or Word Perfect, so that the Court may edit it, by 12:00 p.m. on August 15, 2007. The edited version will be provided to counsel by August 16, 2007. The case is set for a status hearing on August 20, 2007 at 9:30 a.m. to hear any objections to the revised proposed notice and to set a schedule for further proceedings. The

status hearing set for August 16, 2007 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 14, 2007